**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT ALFIERO,

        Petitioner,                                   Case Number: 2:07-CV-14653

v.                                                      HONORABLE ARTHUR J. TARNOW

MILLICENT WARREN,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Robert Alfiero has filed a *pro se* petition for a writ of habeas corpus. Petitioner, who is currently incarcerated at the Mid-Michigan Correctional Facility in St. Louis, Michigan, challenges his convictions and sentences for second-degree criminal sexual conduct and a parole violation. The Court finds that certain of Petitioner's claims are untimely and the remaining claims are meritless. Therefore, habeas corpus relief is denied.

**I. Background**

Petitioner was charged with first-degree criminal sexual conduct related to the assault of his five-year-old daughter. On June 27, 2000, Petitioner pleaded no contest in Macomb County Circuit Court to second-degree criminal sexual conduct and habitual offender, second. In exchange for his plea, the first-degree criminal sexual conduct charge was dismissed. The plea agreement also included a sentence recommendation of three years probation, with the first year to be served in the county jail. He was sentenced in accordance with the plea agreement, and given credit for 296 days time served.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The appeal was dismissed for failure to pursue the case in conformity with the rules. *People v. Alfiero*, No. 235579 (Mich. Ct. App. Oct. 18, 2001). Petitioner did not file an application for leave to appeal in the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, 1/9/08.

On June 13, 2002, Petitioner filed a motion to dismiss the charges claiming that his family had been kidnapped by the government and coerced into making allegations against him. On July 1, 2002, the trial court denied the motion for lack of jurisdiction.

On August 1, 2003, a bench warrant was issued for a probation violation. The warrant alleged that in April and June 2003, Petitioner used a computer in violation of the terms of probation. He pleaded guilty to a probation violation and was sentenced to 10 to 22-1/2 years' imprisonment.

On March 8, 2004, Petitioner filed the following motions in the trial court: Motion to Withdraw Guilty Plea; Motion to Dismiss Probation Violation; Motion to Vacate Sentence, Declare Probation Discharged and Order Release of Defendant; and Motion for Resentencing. Petitioner argued, *inter alia*, that he should be permitted to withdraw his guilty plea because it resulted from the ineffective assistance of counsel, confusion and lack of consent from the sentencing court. In addition, Petitioner argued that the trial court's judgment was tainted by extraneous information and that the violation alone did not warrant termination of probation. The trial court denied the motions. *People v. Alfiero*, No. 1999-3286-FC (Macomb County Circuit Court May 12, 2004).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> Did the circuit court err when it denied the defendant's motion to vacate sentence, declare probation discharged, and order release of defendant?

The Michigan Court of Appeals dismissed the appeal for failure to pursue the case in conformity with the rules. *People v. Alfiero*, No. 255782 (Mich. Ct. App. Oct. 22, 2004). Petitioner did not appeal that decision. *See* Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, 1/9/08.

Petitioner filed another application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I. The trial court erred in finding defendant violated probation when his probationary term had ended prior to the alleged violation.
>
> II. Defendant is entitled to resentencing when the trial court exceeded the sentencing guideline range 12 months to 30 months in sentencing defendant to 10 years to 22 ½ years on a probation violation when there was not a substantial and compelling reason to depart.

The Michigan Court of Appeals denied leave to appeal. *People v. Alfiero*, No. 258591 (Mich. Jan. 4, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals, and the following additional claims:

> I. The trial court abused its discretion when it used information other than was in the Petition, Affidavit and Bench Warrant for probation violation in determining if probation should have been terminated.
>
> II. Petition, affidavit, and bench warrant for probation violation are invalid.
>
> III. Ineffective assistance of appellate attorney.

    IV.     Investigative misconduct and criminal behavior was discovered when Mr. Gary Buckles of the FIA, acting as an agent of the prosecutor, kidnapped the defendant's wife and children.  Defendant's wife was coerced and extorted into cooperating and as a result, alleged evidence was uncovered.

    V.     The district court clearly abused its discretion when it bound the defendant over for trial.  This is because there was insufficient legally admissible evidence to prove that a crime had even been committed.

    VI.     The dsitrcit court abused its discretion because venue was never established based on any reliable evidence.

    VII.     The circuit court erred when it accepted the defendant's original plea and plea agreement on 6-27-00 with the prosecutor.  This is because it violated M.C.R. 6.302(3)(d) and *People v. Killebrew*.

    VIII.     The prosecutor withheld exculpatory evidence from the defendant in violation of *Brady v. Maryland*.  This information would have changed the defense strategy and the defendant never would have accepted any plea agreement.

The Michigan Supreme Court denied leave to appeal.  *People v. Alfiero*, No. 128068 (Mich. Aug. 30, 2005).

On July 3, 2006, Petitioner filed a motion for relief from judgment in the trial court.  The trial court denied the motion because Petitioner previously filed such a motion.  *People v. Alfiero*, No. 1999-3286-FC (Macomb County Circuit Court Nov. 16, 2006).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

    I.     Defendant's due process rights were violated because the prosecutor withheld exculpatory evidence which changed the defense strategy and result and violated *Brady*.

    II.     Defendant's constitutional rights were violated by a tainted arrest warrant, being bound over for trial on legally inadmissible evidence failure to rule on my timely motion to quash for failure to prove venue and never proving venue.

    III.     The trial court erred when it failed to follow the 6-27-00 plea agreement accepted on 8-10-00 which violated court rules and can make the plea involuntary.

IV. The petition, affidavit and bench warrant for probation violation is constitutionally deficient, violates court rules and as a result is invalid.

V. Trial court erred when it ruled my probation did not expire on 10-19-02 as constitutional and statutory law require.

VI. Defendant is entitled to a new probation violation hearing because the hearing was improperly conducted.

VII. Defendant is entitled to re-sentencing because his habitual notice was improperly filed, his sentencing guidelines are incorrect and the improper and illegal use of information from his case report.

VIII. Defendant is entitled to have his conviction overturned and/or his probation violation withdrawn because of numerous instances of ineffectiveness of counsel.

The Michigan Court of Appeals denied leave to appeal. *People v. Alfiero*, No. 275418 (Mich. Ct. App. June 6, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Alfiero*, No. 134356 (Mich. Sept. 10, 2007).

Petitioner then filed the pending petition for a writ of habeas corpus. He raised the following claims:

I. Did Michigan abuse its discretion and violate my Fourteenth Amendment due process rights when it denied my motion for relief from judgment claiming I had previously filed one during a time when appeal options were still available?

II. Did Michigan commit two serious Brady violations when they withheld exculpatory evidence which would have changed defense strategy, made my plea involuntary, and violated my Fourteenth Amendment due process rights?

III. Were my constitutional rights violated by a tainted arrest warrant, being bound over for trial on legally inadmissible evidence, failure to rule on my timely motion to quash, and never proving venue?

5

IV. Did Michigan violate due process, its own court rules, and *Santobello v New York* when they failed to comply with a plea agreement they agreed to follow, then failed to offer an opportunity to withdraw from the agreement?

V. Did Michigan violate my Fourteenth Amendment due process and equal protection rights when they denied me appointment of appellate counsel in violation of *Halbert v Michigan*?

VI. Did Michigan violate my Fourteenth Amendment rights when the trial court authorized an inadequate bench warrant?

VII. Did Michigan abuse their discretion and violate my Fourteenth Amendment due process rights when ruling my probation did not expire on 10-19-02, and violated my Fifth Amendment double jeopardy and Fourteenth Amendment equal protection rights by improperly applying statutory law to my sentence construction?

VIII. Did Michigan violate my Fourteenth Amendment due process rights when they enhanced my sentence based on improper and illegal use of information from my case report and also committed a *Blakely* violation which violated the Sixth Amendment?

IX. Am I entitled to have my conviction overturned and/or have my probation violation overturned due to numerous instances of ineffectiveness of my counsel which violated my Sixth Amendment rights?

## II. Standard

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

### III.

#### A. Statute of Limitations

Respondent argues that Petitioner's claims related to his original conviction (II, III, IV, V, and part of IX) are barred from federal habeas review because they were not timely filed.

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-

7


conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

For Petitioner's claims challenging his original conviction, the statute of limitations commenced when that conviction became final. *See Franklin v. Florida*, 2009 WL 2386108, *2-3 (M.D. Fla. July 31, 2009) (holding that "for claims addressing only the original conviction after a revocation of probation, the one year statute began to run when direct review of the original sentence ended, not from the date of the revocation of probation conviction"); *Mingo v. Grace*, 2007 WL 2254558, *4-5 (E.D. Pa. August 03, 2007) (same); *Myers v. Quarterman,* 2007 WL 1215091, *4 (N.D. Tex. April 25, 2007).

Petitioner filed an application for leave to appeal his original conviction to the Michigan Court of Appeals, which issued an order denying the appeal on October 18, 2001. *People v. Alfiero*, No. 235579 (Mich. Ct. App. Oct. 18, 2001). Michigan Court Rule 7.302(C)(3) allows a defendant fifty-six days from the date of the Michigan Court of Appeals' decision to file a delayed application for leave to appeal. Petitioner did not file an application for leave to appeal to the Michigan Supreme Court. Thus, his conviction became final when the time for seeking such review expired, December 13, 2001. *See Redmond v. Jackson*, 295 F. Supp. 2d 770, 767 (E.D. Mich. 2003) (Gadola, J.) (holding that conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires); *Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E. D. Mich. 2002) (Rosen, J.) (same); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.) (same). The limitations period commenced the following day, December 14, 2001, and continued to run uninterrupted

until it expired on December 14, 2002. Therefore, the claims raised in the pending petition which challenge the original conviction (claims II-V and a portion of claim IX) are untimely.[1]

Additionally, Petitioner's *Halbert* claim does not change the statute of limitations analysis. One of Petitioner's claims related to his original conviction is that he was unconstitutionally denied a right to counsel on direct appeal. Petitioner's original conviction is the result of a no contest plea. Under Michigan law in effect at the time, defendants who plead *nolo contendere* or guilty generally were not appointed appellate counsel for review of the conviction or sentence. Mich. Comp. Laws § 770.3(a)(2). Petitioner, therefore, was not provided counsel for an appeal to the Michigan Court of Appeals.

In *Halbert v. Michigan*, 545 U.S. 605 (2005), the Supreme Court held that the "Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals." *Id.* at 610. However, *Halbert* has been held not to be retroactive to cases on collateral review. *Simmons v. Kapture*, 516 F.3d 450, 451 (6th Cir. 2008). Petitioner's conviction became final in 2001, several years before *Halbert* was decided. Because *Halbert* is not retroactive to cases on collateral review, that decision did not serve to restart the statute of limitations for this claim.

---

[1] During this one-year period, Petitioner filed a motion to dismiss in the trial court. The trial court dismissed the motion for lack of jurisdiction. That motion would not serve to toll the limitations period because it was dismissed for lack of jurisdiction. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that an application is "properly filed" such that it serves to toll the one-year limitations period "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *accord Smith v. Hofbauer*, 2009 WL 1788347, *2 (W.D. Mich. June 18, 2009) (holding that a state court complaint for superintending control did not toll the limitations period because the dismissal for lack of jurisdiction amounted to a determination that the complaint was not properly filed). Moreover, even if it did toll the limitations period, the limitations period would only be tolled during the 18 days while the motion was pending, and would not render the habeas petition timely.

9

**Procedural Default**

Respondent argues that the remainder of Petitioner's claims are procedurally defaulted. "The U.S. Supreme Court has held that federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of this claim.

**B.  Denial of Motion for Relief from Judgment**

In his first habeas claim, Petitioner argues that the Michigan trial court violated his rights under the Due Process Clause when it denied his motion for relief from judgment.

Federal habeas corpus relief is available only to persons being held in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is not a remedy for an alleged violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). States "have no obligation to provide" post-conviction review under the Constitution. *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (citation omitted). Since states are not required to provide such review, federal courts have held that challenges to a state's post-conviction procedures are not cognizable as independent claims in habeas corpus proceedings, because such claims "address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration." *Kirby v. Dutton*, 794 F.2d 245, 247, 248 (6th Cir. 1986). *See also Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir.2007) ("[E]rrors in post-conviction

proceedings are outside the scope of federal habeas corpus review."); *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir.1984) (holding that "[i]nfirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief.").

Therefore, Petitioner's claim challenging 6.500-related procedures is not cognizable on federal habeas review.

### C.  Fourth Amendment Claim

In his sixth claim, Petitioner argues that his rights under the Fourth Amendment were violated because the bench warrant issued for the parole violation was incomplete and invalid.

The Supreme Court has held that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Id*; *see also U.S. v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001) (holding that "[a] voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings"). Challenges to a warrant are not jurisdictional. *See* Gomez v. Scutt, 2009 WL 2222900, *4 (E.D. Mich. July 22, 2009) (holding that challenges to the search warrant and supporting affidavit waived by a guilty plea); *Rolak v. Davis,* 2007 WL 2701531, *2 (E.D. Mich. September 12, 2007) (claim that warrant was not supported by probable cause waived by guilty plea). Therefore, this claim was waived by Petitioner's guilty plea.

### D.  Length of Term of Probation

In his seventh claim, Petitioner argues that the trial court improperly constructed his sentence. Petitioner was sentenced to three years probation, with the first year to be served in jail. He was given 296 days credit for time served toward the one year of jail time. Petitioner

argues that the credit for time served not only should have reduced his jail time, but also should have reduced his three-year term of probation by 296 days. He argues that the alleged error violated his right to due process, equal protection, and to be free from double jeopardy. If the sentence construction Petitioner advocates had been imposed, Petitioner's probation would have terminated in October 2002, and he would not have been on probation when the activity that violated probation occurred.

The trial court denied this claim when it denied Petitioner's first motion for relief from judgment, stating in pertinent part:

> The Order entered on August 10, 2000, indicates that defendant was sentenced to 3 years probation with the first 12 months to be spent in jail. In addition to the standard terms and conditions of probation, defendant was ordered to serve the first 12 months of the probation period in the Macomb County Jail with a credit of 296 days; that did not suspend or lessen the amount of probation time, it just eliminated time he had to initially spend in jail. Further, the Order mandated that defendant had to register as a sex offender pursuant to statute, had to undergo mental evaluation and abide by issuing recommendations, and further to refrain from assaultive behavior. When defendant was released from the Macomb County Jail on August 18, 2000, his probation order was amended to include other conditions, one of which prohibited the ownership, possession, or use of any computed for access to the internet without prior written permission.
>
> The record indicated that on August 1, 2003, a Petition and Bench Warrant was issued due to defendant's use of a computer to access internet connections without permission on specific dates from April 2003 through June 2003. The date of issuance of the bench warrant, and defendant's subsequent arrest on August 6, 2003 were within the 3 years probation time. Defendant's argument that those within the judicial system have miscalculated sentencing and/or probation terms, or misapplied proper procedure aside, the Court finds no error.

*People v. Alfiero*, slip op. at 6-7.

"A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003).

Thus, to the extent that Petitioner challenges the sentencing court's construction of his sentence and probation terms under state law, this claim is not cognizable on habeas corpus review.

Petitioner alleges that the state court's sentence violated the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment provides, "No person . . . shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." This clause affords defendants protection against three basic harms: second prosecution for the same offense after acquittal, second prosecution for the same offense after conviction, and multiple punishments for the same offense.[2] *Brown v. Ohio*, 432 U.S. 161, 165 (1977). The basis for Petitioner's argument that a double jeopardy violation occurred is not entirely clear. He appears to argue that the sentence imposed following the parole violation violated the Double Jeopardy Clause because the original sentence of probation expired before the violation occurred. However, as discussed, Petitioner has not shown that his probation term expired prior to the violation. Therefore, he has not shown that the state court violated the Double Jeopardy Clause.

Petitioner also argues that his sentence violated the Equal Protection Clause. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV. This clause is "essentially a direction that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). An equal protection claim under the Fourteenth Amendment requires a state actor's intentional discrimination because of a person's membership in a protected class. *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987).

---

[2] The Double Jeopardy Clause is made applicable to the states through the Due Process Clause of the Fifth Amendment. *Benton v. Maryland*, 395 U.S. 784 (1969).

13

Petitioner has not demonstrated that he was treated differently from other similarly situated inmates, nor has he shown that he has been discriminated against because of his membership in a protected class.  Therefore, he has failed to establish a violation of the Equal Protection Clause.

### E.  *Blakely* Claim

In his eighth claim, Petitioner argues that the 10 to 22-1/2 year sentence he received following his probation violation violates the holding of *Blakely v. Washington*, 542 U.S. 296 (2004).

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that any fact, other than a prior conviction, "that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."  *Id.* at 476.  However, Michigan has an indeterminate sentencing system for most crimes.  The maximum sentence for Petitioner's crimes is set by Mich. Comp. L. § 769.12..

In *Blakely*, the Supreme Court addressed indeterminate sentencing systems and held that an indeterminate sentencing system does not violate the Sixth Amendment.  *Blakely*, 542 U.S. at 309.  The Court explained that while indeterminate sentencing systems may involve judicial fact-finding, of those facts a judge may find important to the exercise of the judge's sentencing discretion, those facts "do not pertain to whether the defendant has a legal *right* to a lesser sentence. . . ."  *Id.* (emphasis in original).  Judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum."  *Apprendi*, 530 U.S. at 490.  In this case, the sentencing court did not exceed the statutory maximum for Petitioner's crimes.  Therefore, the sentencing scheme did not run afoul of the Sixth Amendment.  Because *Blakely* does not

14

apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's sentence did not violate Petitioner's constitutional rights. *See Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198, * 1 (6th Cir. Oct. 26, 2007) ("*Blakely* does not apply to Michigan's indeterminate sentencing scheme.").

### F.  Alleged Ineffective Assistance of Counsel

Finally, Petitioner argues that he received ineffective assistance of counsel during proceedings related to his original conviction and his parole violation.  As discussed above, the claim that the attorney representing him for his original conviction was ineffective is barred by the statute of limitations.  Petitioner's remaining ineffective assistance of counsel claims are not time barred.

Generally, to prevail on an ineffective assistance of counsel claim on habeas review, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The two-part *Strickland* test applies to claims of ineffective assistance of counsel based upon counsel's conduct prior to the entry of a plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the context of guilty pleas, the first half of the *Strickland* test is the same standard set forth above. *Id.*  The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there

is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

Petitioner argues that the attorney who represented him during his probation violation proceedings was ineffective because he was unprepared for the guilty plea proceedings, failed to visit Petitioner in jail prior to the hearing, received the case report on the day of the hearing, failed to give Petitioner sufficient time to review the presentence information report, was unprepared to argue that Petitioner's probation had expired prior to the probation violation, coerced Petitioner into pleading guilty, and failed to object to the improper probation violation hearing and improper sentencing procedure.

The trial court addressed Petitioner's ineffective assistance of counsel claim when it denied Petitioner's motion for relief from judgment. The state court held, in pertinent part:

> The principal failings of counsel as defendant relates are that counsel was unprepared at the sentencing hearing, resulting in his inability to object to certain findings, counsel continuously coerced defendant to plead guilty despite knowing that defendant was confused and upset, and counsel's failure to object to what defendant perceived as the probation department's excessively harsh sentencing recommendation. Defendant must overcome the presumption that the challenged action might be considered sound trial strategy. *Strickland, supra*. The difficulty the Court has with reconciling defendant's allegations with respect to counsel's performance is that he has provided no evidence in support of his personal opinion, and the record is otherwise devoid of any documentation that would demonstrate the validity of defendant's position. Furthermore, assuming defendant was upset and confused with regard to his surprise that he was given a harsher sentence than he expected, he has failed to provide the Court with any authority under which this Court could find such egregious error as to grant defendant's request.

*Alfiero*, slip op. at 3.

Additionally, the trial court held that Petitioner's claim that he was not provided with time to review the presentence investigation report was not supported by the record:

16

> Defendant maintains that he was not given a reasonable amount of time to examine the PSI before sentencing, . . . . The Court finds this argument disingenuous in so far as the record indicates the following. The transcripts clearly establish that defendant was given ample opportunity during the hearing in which to state for the record any objections he may have had regarding any of the proceedings, including the preparation of the PSI.  He admitted he understood that by pleading guilty he was subjecting himself to a possible sentence of up to 22-1/2 years.  He articulated some concerns he had regarding objective findings formulated as a result of mental evaluations undertaken.  Defendant further argued that he did not recognize some of the authorship of some of the messages attributed to him, or of seeing certain messages purported as being received.  The Court continued to give defendant opportunity to speak on his own behalf; nothing in the record indicates that he felt he was not given ample time to digest the ingredients fo the PSI; indeed, it appeared he had a considerable handle on the contents regardless of the alleged time deficiency.

*Id.* at 7-8.

The state court's decision is supported by the record.  Other than vague, conclusory allegations, Petitioner provides no information to support his claim that his trial attorney was ineffective.  The transcript from the probation violation hearing shows that counsel was prepared and familiar with the case.  Petitioner has not moved for an evidentiary hearing in this Court, nor did he file a motion for evidentiary hearing in state court.  Based upon the record before the Court, Petitioner has failed to show that the state court's application of *Strickland* was unreasonable.

Petitioner also claims that his appellate attorney was ineffective in failing to raise on appeal issues related to Petitioner's original conviction, ignored Petitioner's requests, and filed an inadequate application to the court of appeals.  Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).  "[T]here can be no constitutional deficiency in appellate counsel's failure to raise meritless issues." *Mapes v. Coyle*, 171 F.3d

17

408, 413 (6th Cir. 1999). None of the claims Petitioner argues his appellate attorney should have raised on appeal have been shown to have any merit. Moreover, Petitioner has not shown that the state court would have considered claims related to his first conviction in an appeal from the parole violation conviction. Therefore, Petitioner cannot show that counsel was ineffective in failing to raise these issues on appeal.

## IV. Conclusion

Petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: October 16, 2009


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 16, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary