**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT ALFIERO,

                        Petitioner,                             Case Number: 2:07-CV-14653

v.                                                HONORABLE ARTHUR J. TARNOW

MILLICENT WARREN,

                        Respondent.

_____/

**ORDER DENYING PETITIONER'S**
**MOTION FOR RELIEF FROM JUDGMENT**

      The Court denied Petitioner's habeas petition filed pursuant to 28 U.S.C. § 2254 on

October 16, 2009.  Now before the Court is Petitioner's Motion for Relief from Judgment.

      The petition challenged Petitioner's 2000 plea-based conviction for second-degree

criminal sexual conduct, and his 2003 conviction for a probation violation.  The Court held that

the claims related to Petitioner's 2000 conviction were barred by the one-year statute of

limitations.  The Court addressed the merits of the claims related to the probation violation and

held that none were deserving of habeas corpus relief.  In his motion for relief from judgment

and supplements to the motion, Petitioner claims that relief from judgment should be granted

because: (1) the Court was incorrect in holding certain claims to be time-barred; (2) the Court

erred in finding that claims related to the state court's application of Michigan Court Rule 6.500,

*et. seq.*-related procedures were not cognizable on federal habeas review.; (3) the Court erred in

finding no double jeopardy or equal protection violations; (4) the Court erred in denying his

claim for resentencing because the trial court relied upon inaccurate information in pronouncing

his sentence; (5) the Court should have held counsel was ineffective; and (6) newly discovered

evidence establishes a *Cronic* violation.

"A Rule 60(b) motion may be denied if it is merely an attempt to relitigate previously decided issues." *McNeil v. United States*, 113 F. App'x 95, 97–98 (6th Cir. 2004). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (*quoting Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)). Petitioner does not specify the subsection pursuant to which he seeks relief from judgment. For all but his claim regarding newly-discovered evidence, Petitioner argues that the Court was mistaken in its application of the law to his case. Thus, the Court concludes that he seeks relief pursuant to subsection (1), which allows for relief if the judgment was the result of "mistake, inadvertence, surprise, or excusable neglect." In this context, "mistake" encompasses legal errors. *See Barrier v. Beaver*, 712 F.2d 231, 233-34 (6th Cir. 1983).

First, Petitioner argues that the Court was incorrect in holding that Petitioner's claims related to his 2000 conviction are time-barred. Petitioner argues that the one-year limitations period began running for all of his claims on the date when he was sentenced for the probation violation. For claims addressing the original conviction after the revocation for parole, the one-year statute of limitations begins to run when direct review of the original sentence ends, not from the date of the revocation of probation. *See St. Clair v. Harry*, No. 1:11-cv-691, 2011 WL 3814678, *3 (E.D. Mich. July 26, 2011) (holding that a habeas petition challenging the original convictions rather than the revocation procedures was untimely because the limitations period began to run when the original convictions became final, not when parole was revoked); *Jean-*

*Pierre v. Florida*, No. 2:09-cv-782, 2011 WL 2681643, 3 (M.D. Fla. July 11, 2011) (same).  The Court is not persuaded that its finding that these claims are untimely was the result of mistake.

Next, Petitioner claims that the Court erred in finding that his claims regarding the state court's application of Michigan Court Rule 6.500 *et. seq.*, and other Michigan state laws were not cognizable on habeas review.  Although Petitioner repeatedly argues in his motion that these claims presented federal constitutional claims upon which habeas relief may be based, nothing in Petitioner's arguments convinces the Court that its holding was incorrect or mistaken.  These claims are all based upon alleged violations of state law, which may not form a basis for habeas corpus relief.

Third, Petitioner disputes the Court's holding that no equal protection or double jeopardy violations occurred.  The Court found that Petitioner failed to show a double jeopardy violation because he had not shown that the original sentence of probation expired before the violation occurred.  Additionally, the Court held that Petitioner failed to demonstrate an equal protection violation because he did not establish that he was treated differently from other similarly situated inmates, or that he has been discriminated against because of his membership in a protected class.  Petitioner disagrees with the Court's decision finding no equal protection or double jeopardy violation, but fails to show that the judgment was the result of "mistake, inadvertence, surprise, or excusable neglect."

Next, Petitioner argues that the Court misinterpreted his sentencing claim as asserting only a violation of *Blakely*, when, in fact he also argued that the sentence was based upon inaccurate information.  Petitioner has a constitutional right not to be sentenced on "misinformation of constitutional magnitude."  *Roberts v. United States*, 445 U.S. 552, 556,

3

(1998) (*quoting United States v. Tucker*, 404 U.S. 443, 447 (1972)).  When a petitioner fails to demonstrate that the sentencing court relied upon materially false information in imposing the sentence, the claim is without merit.  *Thomas v. Foltz*, 654 F. Supp. 105, 108 (E.D. Mich. 1987). Petitioner has made no such showing. He has failed to establish that the trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct.

Fifth, Petitioner argues that this Court should have found that counsel was ineffective.  In making this argument, Petitioner essentially repeats the arguments offered in his habeas petition, albeit in slightly different terms and with some new explanations.  "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof."  *Jinks v. Allied Signal, Inc*., 250 F.3d 381, 384 (6th Cir. 2001).  The Court therefore, finds no basis for relief from judgment on the ineffective assistance of counsel claims.

Finally, Petitioner claims that newly discovered evidence supports his ineffective assistance of counsel claim because he was denied counsel at a critical stage of the proceedings. The "evidence" Petitioner identifies as newly discovered is the Supreme Court's decision in *United States v. Cronic*,  466 U.S. 648 (1984).  In *Cronic*, the Supreme Court held that a petitioner need not demonstrate prejudice in instances where the circumstances arising in the case "are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified."  *Id.* at 658.  Prejudice will be presumed where a defendant is denied the assistance of counsel at a critical stage in the proceedings.  *Id.* at 659.  Petitioner argues that he was constructively denied counsel because his attorney was not provided a copy of the probation

4

violation petition, did not receive a copy of the presentence information report until just before the hearing, and was not assigned as Petitioner's attorney until shortly before the hearing.

Petitioner's argument is unpersuasive. *Cronic* can hardly be considered newly-discovered evidence. It was published more than a decade prior to the filing of Petitioner's habeas petition. Neither can Petitioner claim that he only recently discovered this decision. He alleged a *Cronic* violation in a pro per brief filed in the Michigan Court of Appeals in 2007. Moreover, the Court is well-aware of and familiar with the *Cronic* decision and, although it was not cited by Petitioner in his petition, the Court is always mindful of the holding when reviewing an ineffective assistance of counsel claim. Lastly, the arguments asserted by Petitioner regarding *Cronic* do not persuade the Court that he was constructively denied his right to counsel or that counsel was ineffective.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Relief from Judgment [dkt. # 27] is **DENIED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: October 4, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 4, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

5