## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT ALFIERO,

              Petitioner,              Case Number: 2:07-CV-14653

v.                                    HONORABLE ARTHUR J. TARNOW

MILLICENT WARREN,

              Respondent.

_____/

### OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Robert Alfiero filed a *pro se* petition for a writ of habeas corpus, challenging his convictions and sentences for second-degree criminal sexual conduct and a parole violation. The Court denied the petition and denied Petitioner's motion for relief from judgment. Petitioner now seeks issuance of a certificate of appealability to appeal the Court's denial of his motion for relief from judgment.

Before Petitioner may appeal the Court's decision denying his motion, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b); *U.S. v. Hardin*, 481 F.3d 924, 926 (2007) (requiring a certificate of appealability as a prerequisite for a habeas petitioner's appeal of the denial of a Rule 60(b) motion). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Where the petition is dismissed on procedural grounds, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the

issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* at 484. (*quoting Barefoot v. Estelle*, 463 U.S. 880, 898 n. 4 (1983)).  Where a petition is rejected on the merits "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*  The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" *Id.* at 338, *quoting Barefoot*, 463 U.S. at 893.

In both the denial of habeas corpus relief and the denial of the motion for relief from judgment, the Court held that Petitioner's claims related to his original conviction were barred by the one-year statute of limitations.  The statute of limitations commenced when his original conviction became final, December 13, 2001.  The habeas petition was filed in October 2007, almost six years late.  Jurists of reason would not find the conclusion that the petition was barred by the limitations period to be debatable or wrong.  *See Slack*, 529 U.S. at 484.  The Court denies a COA on this claim.

Next, Petitioner seeks a COA on the Court's denial of his claims regarding the state court's application of Michigan Court Rule 6.500 *et. seq.*, and other Michigan state laws. Reasonable jurists would not dispute that Petitioner's claims were based upon alleged violations of state law, which may not form a basis for habeas corpus relief.

Petitioner sought relief from judgment on the Court's finding that no equal protection violation occurred.  The Court denied relief from judgment, finding that Petitioner failed to demonstrate an equal protection violation because he did not establish that he was treated

differently from other similarly situated inmates, or even allege that he was discriminated against because of his membership in a protected class.  Reasonable jurists would not debate this conclusion.

The Court denied relief from judgment on Petitioner's claim that the trial court relied on false and inaccurate information in sentencing.  The Court recognized Petitioner's right not to be sentenced on "misinformation of constitutional magnitude."  *Roberts v. United States*, 445 U.S. 552, 556, (1998), but held that Petitioner failed to demonstrate that the sentencing court relied upon materially false information in imposing the sentence.  Nothing in Petitioner's motion for certificate of appealability persuades that Court that reasonable jurists would debate this holding.

Finally, Petitioner seeks a COA for his claim that he received ineffective assistance of counsel.  While the Court believes relief from judgment was correctly denied on this issue, reasonable jurists might debate the Court's conclusion.  The Court will grant a COA as to this issue.

Petitioner has filed a Motion to Proceed on Appeal *In Forma Pauperis*.  Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court.  An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith.  28 U.S.C. § 1915(a)(3).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Because this Court is granting a certificate of appealability, this Court finds that Petitioner's appeal is undertaken in good faith and will grant him leave to appeal *in forma pauperis*.

3

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Certificate of Appealability" is **GRANTED IN PART** and **DENIED** in part.  The Court **GRANTS** a certificate of appealability as to Petitioner's ineffective assistance of counsel claim and **DENIES** a certificate of appealability as to Petitioner's remaining claims.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* on Appeal is **GRANTED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: January 17, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 17, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

4